United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNDELL HENDERSON,
Plaintiff,

v.

REETIKA K. KUMAR, et al.,
Defendants.

Case No. 26-cv-07662-NW

**ORDER DISMISSING CERTAIN CLAIMS, SERVING COMPLAINT**

Plaintiff Johndell Henderson, a state prisoner proceeding *pro se*, filed the instant civil rights complaint. *See* ECF No. 1. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** duplicative claims, **DISMISSES** certain claims without prejudice, and **SERVES** Henderson's equal protection and retaliation claims as noted below.

## I. BACKGROUND

Henderson alleges that Salinas Valley State Prison Defendants Reetika K. Kumar (Chief Medical Officer), Sallim Elhalaby (Registered Nurse), Jamaal Rodgers (LVN), Rhea Ronque (Registered Nurse), Heather Dowless (Registered Nurse), and Juliana Venesa Picazo (Correctional Officer) violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by causing him to be injected with a Moderna vaccine despite his sincerely held religious beliefs.[1] Henderson's Complaint also includes several pages regarding alleged medical conditions caused by the vaccine, claims regarding prison staff's attempt to go back on an agreement to keep Henderson housed in a single cell if he dismissed a group appeal, and claims regarding the

[1] All allegations in this section are from the Complaint. *See* ECF No. 1.

conduct of former correctional officer Picazo, whom other correctional officers allegedly accused of conspiring with a prisoner to have other prisoners, including Henderson, killed.[2]

## II. LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[2] Henderson also raises several allegations regarding medical care he received while he was housed at CSP – Lancaster in Los Angeles, California. To the extent he is attempting to raise civil rights claims related to that medical care, he must pursue his claims in the proper venue. *See* 28 U.S.C. 84(c)(2). These claims are therefore **DISMISSED WITHOUT PREJUDICE** to Henderson filing a civil rights lawsuit in the proper venue.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

## III. ANALYSIS

### A. Duplicative Claims

Upon review of the allegations in the pending Complaint, the Court concludes that the vaccine-related claims and claims related to Henderson's agreement with prison staff regarding his single-cell status are identical or closely related to the claims Henderson raised in his previously filed civil rights case. *See Henderson v. Thomas*, No. 22-cv-02166-NW (N.D. Cal., filed Apr. 6, 2022). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive under 28 U.S.C. § 1915. *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Such complaints repeating the same factual allegations asserted in an earlier case are therefore subject to dismissal as abusive and duplicative. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Accordingly, the Court **DISMISSES** these claims as duplicative of those raised in Henderson's earlier case. Henderson is cautioned that continuing to file duplicative or frivolous actions may result in the application of 28 U.S.C. § 1915(g), which would prevent him from proceeding *in forma pauperis* in any future civil actions or appeals unless he can show he is "under imminent danger of serious physical injury." *Id.*

### B. Claims Against Picazo

Henderson alleges that on one occasion in 2017, Officer Picazo refused to provide Black prisoners with their packages. He also claims Picazo conspired with another prisoner to have Henderson killed for filing a group appeal related to that incident.

As to the former claim, equal protection claims arise when a plaintiff alleges that similarly situated individuals were treated differently due to racial discrimination. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *San Antonio Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1972). Liberally construing the Complaint, Henderson states a cognizable Equal Protection claim against Picazo for allegedly refusing to give Black prisoners (but not Hispanic prisoners) their packages, and stating that Black prisoners would not receive their packages if they complained. *See* ECF No. 1 at 6.

Henderson also alleges that after he and other prisoners complained about Picazo's distribution of packages, Picazo and an officer named Avalos "left a note on the podium so that all the inmates could see"; the note stated: "[']Because Cells 104, 141, and 150 went to complaint to the Lieutenant about packages, there will be no more packages passed out during the week days[.']" ECF No. 1 at 6. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted); *accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Filing grievances or complaining about staff misconduct is considered a protected First Amendment activity. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). Here, although as pleaded Henderson's claims may be untimely, liberally construing Henderson's allegations, he states arguable claims of retaliation against Picazo and Avalos in connection with this incident.

## IV. CONCLUSION

The Court orders as follows:

1. Henderson states a cognizable Equal Protection claim against Picazo, and retaliation claims against Picazo and Avalos based on their response to Henderson's complaint regarding Black prisoners' package deliveries.
2. All vaccine-related claims and claims related to Henderson's agreement with prison staff to remain in single cells are **DISMISSED** as duplicative.
3. All claims related to healthcare received at CSP – Lancaster are **DISMISSED**

United States District Court
Northern District of California

**WITHOUT PREJUDICE** to Henderson pursuing his claims in the proper venue.

4. Defendants Picazo and Avalos shall be **SERVED**.

   a. Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the Complaint (ECF No. 1), this order, a CDCR Report of E-Service Waiver form, and a summons.

   b. No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS") or whether any Defendant declined to waive service. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

   c. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

   d. Additionally, the Clerk shall mail a copy of this order to Henderson.

2. To expedite the resolution of this case, the Court orders the following briefing schedule:

   a. No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion. The motion will

United States District Court
Northern District of California

be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Henderson.

b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953–54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940–41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c. Henderson's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953–54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Henderson should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e. The motion shall be deemed submitted as of the date the reply brief is due.

Absent a further order of the Court, no hearing will be held on the motion.

3. All communications by Henderson with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.
4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery or depositions.
5. It is Henderson's responsibility to prosecute this case. Henderson must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 19, 2026

Noël Wise
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.